UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LISA CAPOTE,

                  Plaintiff,

        -against-

NANCY A. BERRYHILL,

                  Defendant.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
17 CV 4074 (LDH) (CLP)

**POLLAK**, Chief United States Magistrate Judge:

On July 9, 2017, plaintiff Lisa Capote brought this action for review and reversal of a final administrative determination of the Commissioner of the Social Security Administration ("SSA"), denying plaintiff's October 31, 2013 application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") disability benefits under Titles II and XVI of the Social Security Act. (Compl.[1] ¶ 1). Currently pending before this Court on referral from the Honorable LaShann DeArcy Hall is plaintiff's motion, pursuant to 42 U.S.C. § 406(b), for an attorney's fee of $10,991.25 to be paid out of the past due Social Security Disability benefits payable to Ms. Capote for the period from March 2014 through January 2020.

For the reasons set forth below, the Court respectfully recommends that plaintiff be awarded fees in the amount of $10,991.25.

PROCEDURAL BACKGROUND

Ms. Capote originally applied for Social Security Disability and Supplementary Security Income disability benefits on October 31, 2013 based on an alleged disability as of September 25, 2013 due to chronic asthma, a chronic cough, obesity, depression, and anxiety. (Bowes

---

[1] Citations to "Compl." refer to the Complaint filed in this matter on July 9, 2017, ECF No. 1.

1

Decl.[2] ¶ 4). After the SSA denied Ms. Capote's claim, she requested a hearing before an administrative law judge. (Id. ¶ 5). On September 29, 2015, Ms. Capote appeared with counsel and testified before the administrative law judge, and on December 24, 2015, the administrative law judge denied Ms. Capote's claim based on a determination that Ms. Capote retained the capacity to a partial range to perform sedentary work. (Id. ¶¶ 6, 7). Ms. Capote requested appellate review on November 22, 2016, but the Appeals Council denied this request for review on May 5, 2017. (Id. ¶ 8).

Prior to the filing of this Complaint on June 15, 2017, plaintiff retained Mr. Christopher Bowes to commence this civil action, challenging the May 15, 2017 administrative agency decision by which the defendant, the Commissioner of Social Security Administration (the "Commissioner"), denied plaintiff's September 25, 2013 application for Social Security Disability benefits and her October 31, 2013 application for SSI disability benefits. (Mem.[3] at 1). Following the parties' competing motions for Judgment on the Pleadings and oral argument on August 21, 2018 before the Honorable LaShann DeArcy Hall, Judge DeArcy Hall issued a minute entry on September 12, 2018, granting plaintiff's motion for judgment on the pleadings and denying defendant's motion. Also on September 12, 2018, the Clerk of the Court entered Judgment in plaintiff's favor.

On March 29, 2020, the SSA issued a Notice of Award advising Ms. Capote that the monthly amounts of her past-due Social Security Disability benefits for the period from March

---

[2] Citations to "Bowes Decl." refer to the Declaration of Christopher James Bowes in Support of Plaintiff's Motion for Approval of Contingent Fee Agreement Pursuant to 42 U.S.C. § 406(b), dated April 22, 2020, ECF No. 39.

[3] Citations to "Mem." refer to the Memorandum of Law in Support of Plaintiff's Motion Seeking Approval of the Contingent Fee Agreement Under 42 U.S.C. § 406(b), filed on April 23, 2020, ECF No. 40.

2014 to January 2020 totaled $43,965. (Bowes Decl. ¶ 17, Ex. D; Mem. at 2). The Social Security Administration alerted Ms. Capote that it was withholding 25% of that amount for her legal representative. (Bowes Decl., Ex. D at 3). Mr. Bowes now seeks approval for that amount, equaling $10,991.25, as authorized under 42 U.S.C. § 406(b).

On April 23, 2020, plaintiff moved the Court for approval of the contingent fee agreement between plaintiff and her attorney pursuant to 42 U.S.C. § 406(b), and for an Order directing the SSA to approve and direct payment of the attorney's fee of $10,991.25 out of the past due Social Security Disability benefits payable to Ms. Capote for the period from March 2014 through January 2020 as attorney's fees under 42 U.S.C. § 406(b). (Mot.[4] at 1). The Commissioner does not object to this motion. (See Def. Ltr.[5] at 1).

On April 27, 2020, Judge DeArcy Hall referred this motion to the undersigned for a report and recommendation. Having reviewed plaintiff's submissions, the undersigned respectfully recommends that the court grant plaintiff's motion, finding reasonable the requested fees.

## DISCUSSION

Section 406(b) of the Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by such judgment." 42 U.S.C. § 406(b). Thus, the court must determine

---

[4] Citations to "Mot." refer to plaintiff's Motion for Approval of Contingent Fee Agreement Under 42 U.S.C § 406(b), filed on April 23, 2020, ECF No. 38.

[5] Citations to "Def. Ltr." refer to the Commissioner's letter regarding plaintiff's counsel's request for fees, dated May 11, 2020, ECF No. 41.

3

whether the requested fees are reasonable.  Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990); see also Gisbrecht v. Barnhart, 535 U.S. 789 (2002).

Moreover, if the requested fee is based on a contingency fee arrangement, it should be enforced unless the arrangement is unreasonable.  Wells v. Sullivan, 907 F.2d at 372.  To determine whether a fee is "unreasonable," courts consider:  (1) whether the contingency percentage is within the 25% cap (see e.g., Gisbrecht v. Barnhart, 535 U.S. at 807 (holding that 42 U.S.C. § 406(b), which limits fees that may be awarded to attorneys who successfully represent claimants to 25% of past-due benefits, "does not displace contingent-fee agreements" so long as they are within the statutory ceiling)); (2) whether there has been fraud or overreaching in making the agreement; and (3) whether the requested amount is so large as to be a "windfall to the attorney."  Wells v. Sullivan, 907 F.2d at 372.

In this case, Ms. Capote agreed to a contingent fee agreement at the beginning of this case.  (See Bowes Decl., Ex. A ("Retainer Agreement"), ECF No. 39).  Pursuant to that agreement, Ms. Capote agreed to pay 25% of her past-due benefits as attorney's fees for counsel's legal services in connection with this federal court action, except that no attorney's fees were due from Ms. Capote for legal services rendered by counsel unless and until a favorable award issued following the representation.  (Id.; see also Mem. at 1).

Mr. Bowes has submitted timesheets indicating that he worked 32.9 hours on this case. (Bowes Decl. ¶ 24; see also Mem. at 3).  His request for 25% of the total entitlement in the amount of $10,991.25 thus equates to an hourly rate of roughly $334.[6]  (Mem. at 3).  Neither the

---

[6] In the Declaration, Mr. Bowes notes that he worked 32.9 hours on this matter (Bowes Decl. ¶ 24), but also calculates the loadstar rate on the basis of having worked 35.2 hours on the matter. (Bowes Decl. ¶ 26).  Looking at the Exhibit B to the Declaration, Mr. Bowes's timesheet, it is clear that he worked 32.9 hours, which comports with the Memorandum of Law submitted by Mr. Bowes.  (Mem. at 3).

undersigned nor the Commissioner is aware of any fraud in connection with this case and the total amount of fees does not represent a windfall. (See Def. Ltr. at 2). Indeed, the Commissioner does not object to the amount of counsel's requested fees. (Def. Ltr. at 1). Accordingly, this Court respectfully recommends a finding that plaintiff's requested fee amount is reasonable and within the parameters allowed by the SSA.

The Commissioner, however, notes that there is a question of timeliness of Mr. Bowes's Section 406(b) motion. (Def. Ltr. at 2). The Second Circuit recently held that Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure "provides the applicable limitations period for filing § 406(b) motions." Diberardino v. Commissioner of Soc. Sec., No. 117 CV 2868, 2020 WL 6746828, at *2 (E.D.N.Y. Nov. 17, 2020) (citing Sinkler v. Berryhill, 932 F.3d 83, 87-88 (2d Cir. 2019)). The Second Circuit held that, although Section 406(b) motions must be filed within 14 days under Rule 54(d)(2)(B), that Rule "is subject to equitable tolling when § 406(b) motions must await the SSA Commissioner's calculation of benefits." Id. (citing Sinkler v. Berryhill, 932 F.3d at 91). As discussed in Diberardino v. Commissioner of Soc. Sec., at some points in Sinkler v. Berryhill, the court seems to find that the filing period begins to run when "the claimant receives notice" of the benefits award. Sinkler v. Berryhill, 932 F.3d at 85, 91. At other points, the Second Circuit seems to say that the filing period begins when "counsel receives notice of the benefits award." Id. at 88; Diberardino v. Commissioner of Soc. Sec., 2020 WL 6746828, at *2. The undersigned agrees with the analysis of the Honorable Pamela K. Chen in Diberardino, holding that the "logical reading of Sinkler suggests that the 14-day filing period should start to run when counsel receives notice of the benefits award." 2020 WL 6746828, at *2.

In this case, the Notice of Award was issued on March 29, 2020 and Mr. Bowes submitted his petition for fees on April 23, 2020 – 25 days after March 29, 2020. However, Mr.

5

Bowes avers that he did not receive the notice of the award until April 17, 2020.  (Bowes Decl. ¶ 16).  Since the Second Circuit has clarified that the 14-day limitation period is "not absolute" and the Court has no reason to doubt counsel's representation that he did not actually receive notice until April 17, 2020[7] – just five days before the filing of this motion – the undersigned respectfully recommends that the court find plaintiff's motion to be timely.

## CONCLUSION

As discussed above, the undersigned respectfully recommends that plaintiff's motion be granted and that Mr. Bowes's requested fees be approved.  The undersigned further recommends that an Order issue directing the Social Security Administration to approve and disburse $10,991.25 out of the past-due Social Security Disability benefits payable to Ms. Capote for the period from March 2014 through January 2020 as attorney's fees under 42 U.S.C. § 406(b).

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

---

[7] The Court notes that during this period, late March to April 2020, the country was experiencing the first wave of COVID related infections, hospitalizations, and shutdowns.  Mail deliveries were slower than usual.  Thus, counsel's representation that he did not receive the notice of award until April 17, 2020 can be easily explained by the impact of the pandemic.

**SO ORDERED.**

Dated: Brooklyn, New York
March 24, 2021

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York